IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SPRING BRANCH WILDLIFE PRESERVE, TED DAHL, agent | § § § | Case No. _____ |
| v. | § § | JURY DEMAND |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | § § § | |

## COMPLAINT

Plaintiffs, Spring Branch Wildlife Preserve and Ted Dahl, agent, file this complaint against Defendant, United States Environmental Protection Agency (the EPA).

### I.

### Parties

1. Plaintiff, Spring Branch Wildlife Preserve, a Texas non-profit organization, has its principle place of business, and owns property at issue in this case, in Brazoria County, Texas.

2. Plaintiff, Ted Dahl, is the agent of Spring Branch Wildlife Preserved, and is an individual who resides in Freeport located in Brazoria County, Texas.

3. Defendant, United States Environmental Protection Agency (the EPA), is an independent agency of the U.S. government and oversees and enforces the Clean Water Act.

1

## II.

## Jurisdiction

4. Jurisdiction is founded upon 5 U.S.C. § 702 (judicial review of agency action under the Administrative Procedure Act); 5 U.S.C. §§ 701-706 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); 28 U.S.C. § 1331 (federal question); 5 U.S.C. § 1346(a)(2) (takings claim against the United States below $10,000); *compare with* 28 U.S.C. § 1491 (takings claim against the United States above $10,000 is with the U.S. Court of Federal Claims); and 28 U.S.C. § 2201 (authorizing declaratory relief).

5. Plaintiffs have exhausted all administrative remedies.

6. This action is timely under 28 U.S.C. § 2401(a) because this action has been commenced against the United States within six years after the right of action first accrued.

## III.

## Venue

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the real property at issue in this case is in this District. *See also* 5 U.S.C. § 703 (venue for actions under the Administrative Procedure Act generally proper in "a court of competent jurisdiction").

## IV.

## Facts

8. On February 16, 2023, Cheryl T. Seager, Director of Enforcement and Compliance Division of the EPA signed and Administrative Order styled Docket No. CWA-06-2-23-2702, In the Matter of Spring Branch Wildlife Preserve, Ted Dahl, Agent, Respondent, United States Environmental Protection Agency, Region 6, Dallas, Texas 75270 which states in relevant part:

> "3. Respondent owned, controlled and/or operated a project on real property located at 615 Bluewater Highway (CR 257), at coordinates 28.9581, -95.2805, in Surfside Beach, Brazoria County, Texas."
>
> "4. Between June 26, 2019, and September 27, 2019, and again between March 17, 2021 and April 8, 2021, Respondent and/or Respondent's contractors discharged, directed the discharge, and/or agreed with other persons or business entities to discharge 'dredged material' and/or 'fill material,' as those terms are defined by Section 502 of the Act, 33 U.S.C. § 1362, and 40 C.F.R. § 232.2, from point sources, including heavy equipment such as grading equipment, in, on and into wetlands adjacent to Oyster Cut Creek within the Subject Property. The discharge of dredged and/or fill material was associated with improving access to interior portions of the property and the subsequent filling of the areas shown in Attachment 1 (Extent of unpermitted fill material). The impacted waters are contiguous with the waters of Oyster Cut Creek, which is subject to the ebb and flow of the tide and is traditionally navigable water of the United States. This area is also subject to Section 10 of the Rivers and Harbors Act. Attachment 2 is a Wetland Delineation Report Prepared for Spring Branch Wildlife Preserve by Benchmark Ecological Services, Inc. dated February 9, 2018. EPA has reviewed this Wetland Delineation Report and determined it is accurate for the purpose of resolution of this matter."

> "7. During the relevant time period, the impacted coastal marsh wetlands referred to in paragraph 4 were adjacent to, hydrologically connected to, or had a significant nexus to 'navigable waters' as that term is defined by Section 502(7) of the Act, 33 U.S.C. § 1362(7), and 40 C.F.R. § 232.2, and as such, are 'waters of the United States" as defined by 40 C.F.R. § 232.2."
>
> "9. At no time during the relevant time period did Respondent have a permit issued by the COE that authorized the discharges alleged in paragraph 4 above."
>
> "12. Based on the foregoing Findings of Fact and Conclusions of Law and pursuant to the authority of Section 309(a) of the Act, 33 U.S.C. § 1319(a), EPA ORDERS that Respondent shall cease and desist from any further discharges of dredge and/or fill material into jurisdictional waters on the subject property without authorization from the Corps of Engineers."

On February 16, 2023, the EPA issued the above Administrative Order and had it served on Spring Branch Wildlife Preserve and Ted Dahl.

9. The property contains deed restriction language that prohibits the grantees from using the property in any form of interstate or foreign commerce. Moreover, this property has never been used in any form of interstate or foreign commerce.

10. Section 404(a) of the Clean Water Act limits federal jurisdiction to "navigable waters," 33 U.S.C.A. § 1344(a), which it then defines in § 502(7) as "waters of the United States." 33 U.S.C. § 1362(7). Section 404 of the Clean Water Act requires that a permit be obtained from the Corps for the discharge of dredged or fill material in "waters of the United States." 33 U.S.C. §§ 1311(a), 1262(7), (12). For purposes of the Clean Water Act, the term "waters of the United States" means "adjacent wetlands." 33 C.F.R. § 328.3(a)(4). By definition,

4

"adjacent wetlands" can only be adjacent to the territorial seas, a traditional navigable water, a tributary, or a lake, pond, or impoundment of jurisdictional water. 33 C.F.R. § 328.3(c)(1). So, if adjacent wetlands do not touch waters of the United States, the Corps and EPA do not have jurisdiction under the Clean Water Act to regulate the property. In short, individuals cannot undertake activities involving fill, even on privately owned land, if that property comes within the definition of adjacent wetlands unless the individual obtains a Clean Water Corps permit; and conversely, the Corps and EPA cannot interfere with a property owner's activities on properties that are not "waters of the United States."

11.     As a matter of administrative procedure, the Corps must first determine whether it has authority over the property in question by making a "jurisdictional determination" before it can regulate a property owner's activities. The jurisdictional determination turns on whether the property includes "waters of the United States." Once the Corps has determined that it has jurisdiction, the property owner must obtain a permit from the Corps or fall under a nationwide permit to proceed. A property owner can seek a determination from the Corps district office a jurisdiction determination. 33 C.F.R. §§ 320.1(a)(6) and 325.9. But the Corps and EPA have no authority to order a property owner to cease and desist from working on property that they have no jurisdiction over, such as the property in this case.

12.     Under the current definitions, the property owned by Spring Branch Wildlife Preserve was not adjacent wetlands with a continuous surface

5

connection to bodies that are waters of the United States in their own right so that they are indistinguishable from those waters, and therefore, the Corps and the EPA do not have jurisdiction over any of the activities being conducted by Spring Branch Wildlife Preserve on its property.

## V.

## Causes of Action

13. The Administrative Procedure Act (APA) authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Under the APA, the actions of the Corps and the EPA must be "set aside" if they are "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). In that regard, a federal court may order an agency to act where the agency fails to carry out a mandatory, nondiscretionary duty. 5 U.S.C. § 706(1). The agency action must be "final agency action," 5 U.S.C. § 704, or the agency action must be "unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), before a federal court may intervene. Here, the Administrative Order is final agency action from which Spring Branch Wildlife Preserve and Ted Dahl may seek federal judicial review pursuant to Chapter 7 of the APA, 5 U.S.C. §§ 701-706. Accordingly, Spring Branch Wildlife Preserve and Ted Dahl sue for a declaratory judgment that the Administrative Order is void and that they are entitled to proceed with the work on the property. This relief is warranted for the reasons stated above and for the additional reason that under the current definitions, which did not exist before the United States

Supreme Court opinion of *Sackett v. Environmental Protection Agency*, 598 U.S. \_\_\_\_ (2023), the property owned by Spring Branch Wildlife Preserve is not adjacent wetlands that touch the waters of the United States, and therefore, the Corps and the EPA do not have jurisdiction over any of the activities being conducted by Spring Branch Wildlife Preserve on its property. Regarding the property owned by Spring Branch Wildlife Preserve, it is not "adjacent wetlands" as that term is defined by section 33 C.F.R. § 328.3(a)(4) in that it does do not abut jurisdictional waters of the United States and therefore the Corps and the EPA have no jurisdiction to regulate the property. Spring Branch Wildlife Preserve is entitled to a declaratory judgment stating this.

14. Spring Branch Wildlife Preserve and Dahl also sue for a declaratory judgment that the Administrative Order is void because the property has never been used for and is deed restricted against use of the property in interstate or foreign commerce. The Corps and the EPA only have Clean Water Act jurisdiction regarding waters of the United States that are used in interstate or foreign commerce, which is not the case regarding Spring Branch Wildlife Preserve and Dahl's property.

15. The actions of the Corps and the EPA resulted in a taking of Spring Branch Wildlife Preserve's property under the Takings Clause of the U.S. Constitution. Therefore, Spring Branch Wildlife Preserve sues the EPA, Andrew Wheeler, in his official capacity as Administrator of the EPA for inverse condemnation because it intentionally performed the acts in question which

resulted in a taking of Spring Branch Wildlife Preserve's property for public use. The EPA's acts have caused a material and substantial impairment of access to Spring Branch Wildlife Preserve's property, which results in a diminution in the value of the property, thereby giving rise to Spring Branch Wildlife Preserve's right to recover damages for the loss. In that regard, Spring Branch Wildlife Preserve will show that the EPA's actions have either denied it of all economically viable use of their property, or has unreasonably interfered with its right to use and enjoy the property. Spring Branch Wildlife Preserve will show that the EPA has affected a taking because the EPA's actions do not substantially advance legitimate government interests. Spring Branch Wildlife Preserve seeks actual damages, special damages, costs of court, expenses, pre-judgment interest, and post-judgment interest.

16.   The property owned by Spring Branch Wildlife Preserve is not subject the Clean Water Act which only regulates discharges into "navigable waters" of the United States; "navigable waters" are defined as waters previously or currently used, or prospectively susceptible to use, in interstate or foreign commerce. 33 U.S.C. §§ 1311(a), 1344(a), 1362(12); 33 C.F.R. § 328.3(a)(1). Because of this, the EPA has no Clean Water Act jurisdiction to regulate the property which has deed restrictions prohibiting the grantees from using the property in any form of interstate or foreign commerce. Moreover, the property has never been used in any form of interstate or foreign commerce and as such, application of the Clean Water Act or the Navigable Waters Protection Rule (that

8

is, 33 C.F.R. § 328.3) to regulate Spring Branch Wildlife Preserve's property violates the commerce clause contained in Article 1, Section 3 of the United States Constitution. Interpreting "navigable waters" in the Clean Water Act to allow regulation of the use of private property or to classify adjacent wetlands as waters of the United States would extend federal authority to and beyond the outer reaches of the commerce power. The Clean Water Act contains no clear statement of congressional intent to regulate to such an extent. The EPA and the Corps' interpreting of the Clean Water Act to authorize themselves to engage in such regulation violates the commerce clause and is arbitrary and capricious under the APA. Therefore, Spring Branch Wildlife Preserve is entitled to a declaratory judgment stating this.

17. Under the Clean Water Act, "the discharge of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a). The Clean Water Act defines the terms "discharge of pollutants" as "(A) any addition of any pollutant to navigable waters from any point source, (B) any addition of any pollutant to the waters of the contiguous zone other than a vessel or other floating craft." 33 U.S.C. § 1362 (12). The Clean Water Act defines the terms "navigable waters" as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362 (7). The legislative intent reflected in these provisions of the Clean Water Act is such that the EPA and the Corps do not have jurisdiction over Spring Branch Wildlife Preserve's actions at issue because its lands are not navigable waters as defined by the Clean Water Act, and therefore, it is entitled to a declaratory judgment

9

stating such. In this regard, the EPA and the Corps' attempt to expand the Clean Water Act beyond the legislative intent reflected in the text of the Clean Water Act by adopting the definitions contained in 33 CFR § 328.3 which state what is and what is not jurisdictional waters under the Clean Water Act. Those definitions cannot be applied to Spring Branch Wildlife Preserve because they violate Article I, Section 1 of the United States Constitution (which vests all legislative law-making power in Congress) by purporting to pass definitional rules that are broader than what Congress actually enacted with the text of the Clean Water Act. In so far as Congress has attempted to delegate to the EPA and the Corps the power to adopt definitions broader than the Clean Water Act provides, that delegation violates the non-delegation doctrine, and therefore, Spring Branch Wildlife Preserve is entitled to a declaratory judgment that 33 CFR § 328.3 is not enforceable against their activities.

## VI.

## Jury Demand

18.  Spring Branch Wildlife Preserve and its agent Ted Dahl demand a jury trial.

## PRAYER

WHEREFORE, Plaintiffs, Spring Branch Wildlife Preserve and its agent Ted Dahl, request that Defendant, the EPA, be cited to appear and answer, and that on final trial they have a declaratory judgment that the Corps and the EPA have no jurisdiction over the property because the property (1) does not have a

.

continuous surface connection to bodies of waters that are waters of the United States in their own right so that they are indistinguishable from those waters, (2) has never been used and is deed restricted against use of the property for interstate or foreign commerce, and (3) is not navigable waters as defined by the Clean Water Act. Spring Branch Wildlife Preserve also requests a money judgment against the EPA for actual damages, and special damages for its takings claim; and costs of court.

Respectfully submitted,

/s/Timothy A. Hootman
Timothy A. Hootman
Federal I.D. No. 12331
SBN: 09965450
2402 Pease St
Houston, TX 77003
713.366.6229
thootman2000@yahoo.com

ATTORNEY FOR PLAINTIFFS
